IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201<br><br>  Plaintiff,<br><br>v.<br><br>THE MARYLAND CLASSIFIED EMPLOYEES ASSOCIATION, INC.,<br>7127 Rutherford Road<br>Baltimore, Maryland 21207<br><br>  Defendant. | Case No.<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Charging Parties Gail Tate-Buntin and Michele Handy. As alleged with greater particularity, below, the United States Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant The Maryland Classified Employees Association, Inc. ("MCEA") has committed retaliation in violation of Title VII by subjecting Gail Tate-Buntin and Michele Handy to adverse employment actions because of conduct protected by Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and

(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant MCEA is an independent labor organization, incorporated in the State of Maryland, which has continuously been doing business in the State of Maryland, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Gail Tate-Buntin and Michele Handy filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. During the period December 2006 to October 2007, Defendant engaged in unlawful employment practices at its Maryland facilities in violation of Section 703(a)(1) and (a)(2) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (a)(2).

8. On or about March 2007, Defendant discharged Gail Tate-Buntin in violation of Section 704(a) of Title VII because she (a) opposed practices made unlawful by Title VII; (b) was perceived by Defendant as having participated in, and intending to further participate in, an EEOC investigation of charged unlawful employment practices; and (c) was associated with a person who filed a charge of discrimination with the EEOC.

9. Beginning on or about December 2006 and continuing until on or about October 11, 2007, Defendant subjected Michele Handy to a continuing course of retaliatory adverse employment actions in violation of Section 704(a) of Title VII, including denial of promotion, discriminatory terms and conditions of employment, and discharge because she filed a charge of discrimination with the EEOC.

10. The effect of the practices complained of in paragraphs 7-9, above, has been to deprive Gail Tate-Buntin and Michele Handy of equal employment opportunities and otherwise adversely affect their status as employees because of conduct protected by Section 704(a) of Title VII.

11. The unlawful employment practices complained of in paragraphs 7-9, above, were and are intentional.

12. The unlawful employment practices complained of in paragraphs 7-9, above, were and are done with malice or with reckless indifference to the federally protected rights of Gail Tate-Buntin and Michele Handy.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of conduct protected by Section 704(a) of Title VII.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Gail Tate-Buntin and Michele Handy by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay in lieu thereof.

D.    Order Defendant to make whole Gail Tate-Buntin and Michele Handy by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-9, above, in amounts to be determined at trial.

E.    Order Defendant to make whole Gail Tate-Buntin and Michele Handy by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-9, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Gail Tate-Buntin and Michele Handy punitive damages for the malicious and reckless conduct described in paragraphs 7-9, above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE (Bar No. 04312)
Acting Regional Attorney
EEOC-Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2734
Facsimile number: (410) 962-4270

_____
RONALD L. PHILLIPS
Acting Supervisory Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street

5

Baltimore, Maryland 21201
Telephone number: (410) 209-2737
Facsimile number: (410) 962-4270